### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GARY ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 8:06CV332 |
| vs. | ) | |
| | ) | MEMORANDUM AND |
| DOUGLAS COUNTY SCHOOL DISTRICT 0001, | ) | ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's Motion to Compel [31]. The defendant has complied with NECivR 7.1(i) and Fed. R. Civ. P. 37(a)(2)(B). Having considered the parties' written materials and the arguments made during the telephonic motion hearing held on October 11, 2007, the court finds that the motion should be granted in part, and denied in part.

### A.  Interrogatories Nos. 2 & 10; Document Requests Nos. 2, 4 & 10

The plaintiff's response does not address defendant's allegation that plaintiff failed to provide the documents that he designated in his response to **Interrogatory No. 2**. There is no indication in the record that plaintiff has served any supplemental response to Interrogatory No. 2, and plaintiff raised no objection to the interrogatory. The court finds that the motion to compel should be granted as to Interrogatory No. 2.

**Interrogatory No. 10** seeks information as to the nature of plaintiff's claimed damages, how he calculated the amount of damages, and supporting documentation. Apparently, plaintiff initially responded by producing a spreadsheet setting out his calculations and estimate for lost wages. It appears that the document was produced during discovery by prior counsel. During his deposition, however, the plaintiff claimed this document was privileged because it was prepared at the direction of his prior counsel.

The court finds that any privilege or work-product protection as to this document has been waived, as the document has already been produced. While plaintiff's present counsel may now disagree with the prior decision to produce the document, there is no evidence tending to show that the document was produced "inadvertently." In light of the plaintiff's refusal to testify during his deposition about any information responsive to Interrogatory No.

10, the court finds that the plaintiff should be required to serve a supplemental response to Interrogatory No. 10 that fully answers each and every part of the interrogatory.

During his deposition, plaintiff stated that he would look in his records for the original copy of a letter dated January 20, 2004 sent to him by human resources administrator Renee Sheehan, and a letter to plaintiff from Dawne Claussen about a salary overpayment. These documents, if they exist, would be relevant to the parties' claims and defenses and responsive to defendant's **Document Requests Nos. 2, 4 & 10**; however, the plaintiff has failed or refused to confirm or deny that the documents exist. The court finds that the plaintiff should be required to serve supplemental responses to Document Requests Nos. 2, 4 & 10, either producing the Sheehan and Claussen letters as requested or verifying, after conducting a diligent search, that the documents do not exist. If the plaintiff fails to do so, he will be subject to evidentiary sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B).[1]

### B.  Return of "Privileged" Documents

Defendant complains that plaintiff has not returned four documents it claims are "privileged." Defendant admits that plaintiff was privy to the documents while he was employed by the defendant, and defendant sent copies of the documents to plaintiff's prior counsel at the time it demanded the return of the original documents. *See* Filing 33-2 at ¶ 24 & Filing 33-4. The documents in question are described as:

(a) a letter to Dr. Thomas McClung, Executive Director, Information Management Services at OPS, from OPS attorney James O'Connor;
(b) an email dated September 30, 2004, from Dr. McClung and attorney O'Connor to Dr. Sandra Hodges, Assistant Superintendent for Human Resources, and Dr. Dennis Pool, Assistant Superintendent for General Administrative Services;
(c) an email dated September 29, 2004, from Dr. McClung to OPS attorney John Heil; and
(d) an email dated February 11, 2004, from Dr. McClung and OPS attorney Elizabeth Eynon-Kokrda to Wanda Dolphin.

The Federal Rules of Evidence do not specifically provide for an attorney-client privilege. This action arises under 42 U.S.C. § 1983, and the court has "federal question"

---

[1] Rule 37(b)(2)(B) allows the court to enter, as a sanction, "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence."

jurisdiction pursuant to 28 U.S.C. § 1331. In "federal question" cases,"[t]he privilege of a witness ... [is] governed by the principles of the common law as they may be interpreted by the courts of the United States in the light of reason and experience." Fed. R. Evid. 501. Accordingly, the court "must ... apply the federal common law of attorney-client privilege to the situation presented by this case." *In re Grand Jury Subpoena Duces Tecum*, 112 F.3d 910, 915 (8th Cir. 1997). *See, e.g., In re Bieter Co.*, 16 F.3d 929, 935-36 (8th Cir. 1994).

The Eighth Circuit has recognized that courts have relied upon Proposed Federal Rule of Evidence 503, also known as Supreme Court Standard 503, as an accurate definition of the federal common law of attorney-client privilege. Standard 503, published at 56 F.R.D. 183, 235-37 (July 1, 1973), provides, in part:

> **(b) General rule of privilege.** A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or (2) between his lawyer and the lawyer's representative, or (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) between lawyers representing the client.

The attorney-client privilege, however, may be waived:

> A person upon whom these rules confer a privilege against disclosure of the confidential matter or communication waives the privilege if he or his predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the matter or communication. This rule does not apply if the disclosure is itself a privileged communication.

Proposed Fed. R. Evid. 511, 56 F.R.D. at 258.

In this instance, any confidentiality of the four documents at issue has been destroyed through voluntary disclosure to the plaintiff. Because it appears that the defendant has a property interest in the original letter from attorney O'Connor to Dr. McClung, the plaintiff will be required to return the original copy of the letter to the defendant. The court knows of no way to compel a party to return electronic communications.

Based on defense counsel's representation that all four documents contain confidential information, the court finds that the plaintiff should be prohibited from disseminating the

four documents to anyone other than defense counsel or plaintiff's attorneys of record. *See* Fed. R. Civ. P. 26(c). If it becomes necessary to file any of these documents with the court, counsel shall electronically file them as Restricted Documents pursuant to the E-Government Act.

## ORDER

**IT IS ORDERED** that defendant's Motion to Compel [31] is granted in part, and denied in part, as follows:

1. The plaintiff shall, no later than the close of business on **November 13, 2007**, fully supplement his responses to defendant's Interrogatories Nos. 2 & 10 and Document Requests Nos. 2, 4 & 10. If the plaintiff fails to do so, he will be subject to evidentiary sanctions pursuant to Fed. R. Civ. P. 37(b)(2)(B).

2. Any attorney-client privilege has been waived as to the four documents identified by the defendant.

3. Plaintiff shall, forthwith, return the original letter from attorney O'Connor to Dr. McClung to the defendant.

4. Plaintiff is hereby prohibited from disseminating the four documents to anyone other than defense counsel or plaintiff's own attorneys of record. If it becomes necessary to file any of these documents with the court, counsel shall electronically file them as Restricted Documents pursuant to the E-Government Act.

**DATED November 6, 2007.**

                                **BY THE COURT:**

                                **s/ F.A. Gossett**
                                **United States Magistrate Judge**