IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **GARY ANDERSON,** | ) | **CASE NO. 8:06CV332** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **DOUGLAS COUNTY SCHOOL DISTRICT 0001,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Plaintiff Gary Anderson's Objection to Defendant's Bill of Costs (Filing No. 83), Application to Proceed without Prepayment of Fees (Filing No. 92), Motion for the Court to Review the Action of the Taxation Clerk (Filing No. 93), and Motion to Have the Court Dismiss and Disallow Defendant's Reply to Plaintiff's Motion to Review Action of the Taxation Clerk.  (Filing No. 104).

The Court first addresses the Plaintiff's Application to Proceed without Prepayment of Fees (Filing No. 92).  The Plaintiff filed previous applications requesting in forma pauperis status, Filing Nos. 75 and 87.  The Court entered an Order finding that the Plaintiff made a preliminary showing of his need to proceed in form pauperis, but that he did not satisfy all the requirements under 28 U.S.C. §1915.  The Court required the Plaintiff to file a completed Application to Proceed Without Prepayment of Fees and Affidavit--Prisoner, Non-Prisoner (fillable form) on or before February 11, 2008.  He has done so.  (Filing No. 92).  Therefore, pursuant to Fed. R. App. P. 24, this Court grants the

Plaintiff's Application and authorizes him to proceed on appeal without prepaying or giving security for fees and costs.[1]

The Plaintiff has objected to the Bill of Costs filed by the Defendant and to the Clerk's Taxation of those Costs.  He has also objected to the Defendant's Reply to Plaintiff's Motion to Review Action of the Taxation Clerk.  On January 3, 2008, the Court entered a Judgment against the Plaintiff and for the Defendant dismissing the Plaintiff's case.  (Filing No. 77).  On January 17, 2008, the Defendant filed its Bill of Costs including an Itemization of Costs, Documentation of Costs, and Brief in Support.  (Filing Nos. 79 and 80).  On January 23, 2008, the Plaintiff filed his Objection to the Bill of Costs and Brief in Opposition.  (Filing Nos. 83 and 84).  After a Reply was filed by the Defendant, the Clerk of the Court entered a Taxation of Costs in the full amount requested by the Defendant of $1,878.00.  (Filing No. 91).

Thereafter, the Plaintiff filed a Motion for the Court to Review the Action of the Taxation Clerk.  (Filing No. 93).  In it, the Plaintiff argues that two of the depositions, Dr. McClung's and Dr. Hodges's, were taken after the deposition deadline and should not be allowed as costs and that the Plaintiff's previous attorneys told him that the depositions listed by the Defendant as taxable costs would not be taxable under the *Bill of Costs Handbook*.  The Plaintiff argues that while the depositions and their exhibits are lengthy,

---

[1] However, the Plaintiff's in forma pauperis status has no impact on the taxation of costs.  The in forma pauperis statute provides, in relevant part, that "[j]udgment for may be rendered for costs at the conclusion of the suit or action as in other proceedings, . . ." 28 U.S.C. § 1915.  Moreover, the Plaintiff's in forma pauperis status is granted for appeal purposes, not retrospectively.

only limited parts were used by the Defendant in support of its Motion for Summary Judgment and, therefore, only the parts actually used should be taxed.

Fed. R. Civ. P. 45(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Eighth Circuit has applied this rule to mean that a "prevailing party is presumptively entitled to recover all its costs." *Thompson v. Wal-Mart Stores, Inc.*, 472 F.3d 515, 516 (2006). I find that the Defendant is the prevailing party and entitled to recover its costs under Fed. R. Civ. P. 54(d)(1). Additionally, the Court has reviewed the Bill of Costs filed by the Defendant and finds that it complies with the requirements of the *Bill of Costs Handbook*. The Plaintiff's objections to the Defendant's Bill of Costs and the Taxation of Costs are overruled.[2]

IT IS ORDERED:

1. Plaintiff Gary Anderson's Application to Proceed on Appeal In Forma Pauperis (Filing No. 92) is granted;

2. The Plaintiff, Gary Anderson, may proceed on appeal without prepaying or giving security for fees and costs;

3. Plaintiff Gary Anderson's Objection to Defendant's Bill of Costs (Filing No. 83) is overruled;

---

[2] The Court also denies the Plaintiff's Motion Have the Court Dismiss and Disallow Defendant's Reply to Plaintiff's Motion to Review Action of the Taxation Clerk. (Filing No. 104). The reply filed by the Defendant (Filing No. 103) is to the Plaintiff's Motion for the Court to Review the Action of the Taxation Clerk. (Filing No. 93). Pursuant to Nebraska Local Rule 7.1(b)(1)(B), the Defendant has ten business days from the filing of a Motion in which to file a brief in opposition. While entitled a "reply," it is, nonetheless, a timely filed brief in opposition under Local Rule 7.1(b)(1)(B).

4.   The Plaintiff Gary Anderson's Motion for the Court to Review the Action of the Taxation Clerk (Filing No. 93) is denied; and

5.   The Plaintiff Gary Anderson's Motion to Have the Court Dismiss and Disallow Defendant's Reply to Plaintiff's Motion to Review Action of the Taxation Clerk (Filing No. 104) is denied.

DATED this 17th day of March, 2008.

                                BY THE COURT:

                                s/Laurie Smith Camp
                                United States District Judge